# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50973
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RYAN ROBERT MARVIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-229

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ryan Robert Marvin entered a conditional guilty plea to Counts 1, 2, 6, 7, and 8 of a superseding indictment charging him with production of child pornography and coercion and enticement of a minor to engage in sexually explicit conduct. He contends in this appeal that the district court erred in denying his motion to suppress evidence seized as a result of the warrantless search of his residence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50973

The district court determined that the search was justified by exigent circumstances and as a protective sweep. We review the district court's ruling for clear error, viewing the circumstances objectively, as they would appear to a reasonable and prudent person. *United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008).

At the suppression hearing, an Odessa police detective testified that she went to Marvin's apartment to conduct a knock-and-talk investigation in response to an outcry made by a juvenile less than one hour before. The boy had reported that Marvin had given him drugs and alcohol and had sexually assaulted him at the apartment. As the detective's investigation progressed, she developed facts supporting a reasonable belief that marijuana was in use and that two other juvenile boys were present and could be at risk. A limited search of the apartment was conducted to ensure the safety of the boys and to prevent destruction of evidence. *See Kentucky v. King*, 131 S. Ct. 1849, 1856-60 (2011); *United States v. Mendez*, 431 F.3d 420, 428 (5th Cir. 2005).

The district court did not clearly err in determining that the Government had carried its burden of showing that the warrantless search was reasonable. *See Troop*, 514 F.3d at 409. The judgment is AFFIRMED.